**Christopher Jordan BAHM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–05–049 CR.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 30, 2005.

Decided Jan. 18, 2006.

Discretionary Review Granted May 3, 2006.

Gary A. Udashen, Sorrels & Udashen, Dallas, for appellant.

Michael A. McDougal, Dist. Atty., Patty Maginnis, Gail Kikawa McConnell, Asst. Dist. Atty's, Conroe, for state.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Christopher Jordan Bahm contends the trial court erred when it denied his motion for new trial without holding a hearing. Bahm sought a new trial after the trial court revoked his community supervision and sentenced him to twenty-five years in prison. We affirm.

### BACKGROUND

Pursuant to a plea bargain agreement, Bahm pled guilty to aggravated sexual assault of a child. The trial court accepted Bahm's plea and deferred adjudication of his guilt. The court also ordered that Bahm be placed on community supervision for eight years.

Approximately five months later, the State filed its motion to adjudicate guilt and to revoke community supervision. The State alleged that Bahm committed eleven violations of his community supervision order. At the revocation hearing, Bahm pled "true" to six alleged violations and "not true" to the remaining five allegations. The violations to which Bahm pled true were ones alleging that he failed to pay, or failed to pay timely, certain fines, fees, and costs. The remaining five paragraphs, to which Bahm pled "not true," alleged that he failed to: (1) obtain suitable employment; (2) perform community service; (3) attend and complete sex offender counseling; and that he admitted having: (4) unapproved contact with a minor child as well as (5) sexual intercourse with a minor. After an evidentiary hearing, the trial court found all of the allegations to be true except the assertion that Bahm had admitted having sexual intercourse with a minor child. After adjudicating Bahm's guilt, the trial court immediately heard punishment arguments and then sentenced Bahm.

Following Bahm's untimely filing of a motion for new trial and an appeal, Bahm successfully petitioned the Court of Criminal Appeals for a writ of habeas corpus. The Court granted Bahm an out-of-time appeal. Bahm then filed a second motion for new trial. The trial court denied Bahm's second motion without holding a hearing. In this appeal, Bahm asserts the trial court erred in failing to hold an evidentiary hearing on his motion for new trial.

### STANDARD OF REVIEW

We review the trial court's decision not to hold an evidentiary hearing on a motion for new trial under an abuse of

discretion standard. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App.2003). A defendant's right to an evidentiary hearing on a motion for new trial is not absolute. *Reyes v. State,* 849 S.W.2d 812, 815–16 (Tex.Crim.App.1993). However, a defendant has a right to an evidentiary hearing when the motion and supporting affidavits raise matters that are not determinable from the record without a hearing, and the record prior to the hearing demonstrates that the defendant could be entitled to relief. *Wallace,* 106 S.W.3d at 108. To be sufficient to require an evidentiary hearing, the motion for new trial and accompanying affidavits need not establish a prima facie case for a new trial. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994). Rather, the documents need only reflect that reasonable grounds exist for granting a new trial. *Martinez v. State,* 74 S.W.3d 19, 22 (Tex.Crim.App.2002).

In considering whether Bahm's motion for new trial and supporting affidavits raise any matters that could entitle him to relief under the circumstances here, we note that both statutory and case law limit the relief available to plea-bargaining defendants who have received deferred adjudication. The Code of Criminal Procedure specifically provides that a defendant who received community supervision may not appeal a trial court's decision to adjudicate guilt on the original charge. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2005).[1] The Court of Criminal Appeals interprets these provisions as prohibiting a defendant who received deferred adjudication from waiting until his deferred adjudication is revoked to appeal

matters related to his original plea proceeding. *See Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999)(requiring issues relating to original plea proceeding to be appealed when deferred adjudication community supervision was first imposed).

■ While issues related to a defendant's original guilty plea are no longer appealable at this point, Bahm may appeal aspects of the punishment phase of his case. *See Hogans v. State,* 176 S.W.3d 829, 833 (Tex.Crim.App.2005)(citing *Kirtley v. State* 56 S.W.3d 48, 51 (Tex.Crim. App.2001)). As *Hogans* explains, appellate courts have jurisdiction over claims that "temporally arise[ ] before the act of adjudication if the claim directly and distinctly relates to punishment rather than to the decision to adjudicate." *Hogans v. State,* 176 S.W.3d at 830–31.

Bahm's motion for new trial attacks the trial court's decision on various grounds. Some of Bahm's contentions in his motion for new trial are not foreclosed at this point from appeal by the Code of Criminal Procedure (appealable matters), and some of the contentions asserted by Bahm in his motion for new trial are at this point foreclosed (non-appealable matters).

### NON-APPEALABLE MATTERS

■ Bahm's motion for new trial raises matters that do not entitle him to relief because they are related to the adjudication of guilt process or are related to his original plea proceeding. *See Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App. 1999); *Manuel,* 994 S.W.2d at 661–62. With respect to these matters, the trial

---

1. Article 42.12, section 5(b) states:
   On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.*
   TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2005) (emphasis added).

court did not abuse its discretion in declining to grant Bahm's request for an evidentiary hearing.

Bahm's contentions that relate to the trial court's adjudication of his guilt are: (1) his counsel was ineffective at the adjudication hearing; (2) the State did not prove he intentionally failed to pay fines, fees, and costs;[2] and (3) the State did not prove he failed to maintain and secure employment. Because Bahm pleaded guilty and received deferred adjudication-community supervision, he is foreclosed at this point from raising these claims in this appeal. *See Hogans,* 176 S.W.3d at 833 (*citing Kirtley,* 56 S.W.3d at 51); *see Connolly,* 983 S.W.2d at 741.

▪ Bahm also made complaints in his motion for new trial that relate to his original plea proceeding. He asserts in his motion for new trial that his original counsel rendered ineffective assistance and that the trial court improperly delegated to the probation officer the authority to require Bahm to attend and complete counseling and to perform community service. Because these claims relate to Bahm's original plea proceeding, they cannot be raised in his present appeal. *See Manuel,* 994 S.W.2d at 661–62 (finding that a defendant placed on deferred adjudication probation may raise issues relating to original plea proceeding only in an appeal taken when deferred adjudication probation is first imposed).

▪ Also related to his original plea proceeding is Bahm's assertion that prior to his guilty plea, the State failed to reveal mitigating evidence, namely the medical results of a rape test on the alleged victim that showed no signs of penetration or any evidence consistent with the indictment. Because Bahm pled guilty and received deferred adjudication, at this point this claim is also foreclosed from being raised in this appeal. *Id.*

Moreover, Bahm's affidavit is insufficient regarding this claim.[3] Bahm does not state that he is innocent of the aggravated assault, does not provide any evidence in support of his allegation that the State withheld evidence, and does not state how he learned of the alleged mitigating evidence. As Bahm failed to show that reasonable grounds exist supporting this claim, the trial court did not err in denying his request for an evidentiary hearing. *See Wallace,* 106 S.W.3d at 108.

Finally, in his motion for new trial, Bahm contends the trial court admitted evidence of extraneous offenses in violation of the Rule of Evidence 404(b) and Article 37.07 of the Texas Code of Criminal Procedure. However, on appeal Bahm provides no description of the offending evidence and does not explain whether the evidence was admitted in the original plea proceeding or the adjudication hearing. Because Bahm pled guilty and received deferred adjudication, and this complaint is related to his guilt and not to punishment, at this point in his case the law forecloses his appeal on this complaint. As a result, the

---

2. We note that Bahm pled true to the allegations that he failed to pay fines, fees, and costs. A plea of true to any one of the alleged violations is sufficient to support the trial court's order of revocation. *See Moses v. State,* 590 S.W.2d 469, 470 (Tex.Crim.App. [Panel Op.] 1979).

3. In his affidavit, Bahm stated:

"After all of the proceedings I learned that the State had in its possession evidence that had they disclosed, probably would result in a different verdict in a new trial. I found out that the State had in its possession the medical results of a rape test done on the alleged victim. The exam showed no signs of penetration, no DNA, or any other forensic evidence as claimed in the indictment."

trial court did not abuse its discretion in declining to grant Bahm's request for an evidentiary hearing regarding this claim. *See Manuel,* 994 S.W.2d at 661–62; *Connolly,* 983 S.W.2d at 741.

### Appealable Matters

■ In his motion for new trial, Bahm asserts two matters that the State concedes are appealable: (1)the trial court's alleged failure to hold a separate punishment hearing; and (2) counsel's alleged ineffective assistance at the punishment phase in failing to inform him of a plea bargain offer. We consider these matters within the constraints of Bahm's sole appellate issue, namely, whether the trial court erred in failing to hear his new trial motion. "The purpose of the hearing is for a defendant to fully develop the issues raised in his motion for new trial." *Jordan,* 883 S.W.2d at 665. When the motion presents matters determinable from the record, the trial court does not abuse its discretion by failing to conduct an evidentiary hearing. *Reyes v. State,* 849 S.W.2d at 816.

Whether the trial court erred in failing to hold a separate punishment hearing is a matter that may be determined from the existing record. We have before us the reporter's record of the revocation hearing. Included in this transcription is the

trial court's determination of guilt, after which the court immediately heard counsels' punishment arguments and determined punishment. Thus, the record already establishes that the trial court did not conduct a separate evidentiary punishment hearing and the trial court need not conduct a new-trial hearing on this matter.[4] *See Reyes,* 849 S.W.2d at 815–16.

Bahm also claims that his counsel provided ineffective assistance at the punishment stage by failing to inform him of a proposed plea bargain. The State concedes that this complaint is appealable.

■ As a prerequisite to obtaining a hearing, the defendant must support his motion by affidavit specifically showing the truth of the grounds for attack. *See King v. State,* 29 S.W.3d 556, 569 (Tex.Crim. App.2000). Affidavits that are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan,* 883 S.W.2d at 665.

■ The State argues that the trial court was not required to hold a hearing because Bahm's affidavits fail to show that a hearing was needed. Though we consider grounds other than those cited by the State, we agree the affidavits are insufficient.[5] We must uphold judgments on ap-

---

4. We note that Bahm presents his "separate punishment hearing" question only as an argument supporting his issue that the trial court was required to conduct an evidentiary hearing on his motion for new trial. As Bahm does not present this question as a separate issue entitling him to remand, we need not determine whether Bahm had sufficient opportunity to present mitigating evidence on punishment during adjudication. *See Hardeman v. State,* 1 S.W.3d 689, 690–91 (Tex.Crim.App.1999)(finding that defendant has no absolute right to separate punishment hearing, but instead must have opportunity to present evidence in mitigation of punishment

if such opportunity was not afforded during adjudication).

5. As to Bahm's claim that counsel was ineffective in failing to inform him that the State had offered a seven-year plea bargain, the State maintains the following record of the revocation hearing shows it made no offer:

State: I don't think [Bahm] is a suitable candidate for probation, and he certainly should not be reinstated, and the State would seek for you to adjudicate him, find him guilty, and send him to the Texas Department of Corrections, and we are going to be asking for 40 years.

peal if they are correct under any theory of law, even one that the appellee did not cite. *See Martinez v. State,* 74 S.W.3d at 21 (citing *Ex parte Taylor,* 36 S.W.3d 883, 886 (Tex.Crim.App.2001)). In *Martinez,* the Texas Court of Criminal Appeals held that an intermediate appellate court may affirm a trial court's denial of a hearing on a new trial motion when the supporting affidavits are insufficient even though the State did not claim insufficiency. *See* 74 S.W.3d at 21.

Bahm's motion for new trial is supported by three documents titled as affidavits. One document is signed by Bahm. The second is signed by his father, Dewitt Bahm. The third is signed by his aunt, Donna Klemme.

Bahm's "affidavit" is actually an unsworn declaration that an inmate may use in lieu of a verification or affidavit pursuant to the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 132.001–.003 (Vernon 2005). In his unsworn declaration, Bahm declares "under penalty of perjury that *according to my belief* the foregoing information in this Affidavit [is] true and correct." (Emphasis added.)

We first review Bahm's unsworn declaration to determine if it meets the requirements of the Civil Practice and Remedies Code. *See id.* Section 132.002 provides that the declaration must be written and be "subscribed by the person making the declaration as true under penalty of perjury." *Id.* at § 132.002. Section 132.003 requires that the declaration be substantially in the following form: "I . . . declare under penalty of perjury that the foregoing is true and correct." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 132.003 (Vernon 2005).

This Court and several of our sister courts have considered the statutory requirements for unsworn declarations. In *Draughon v. Cockrell,* an inmate filed a claim under Chapter 14 of the Texas Civil Practice and Remedies Code without filing an affidavit or unsworn declaration required by section 14.004. *See* 112 S.W.3d 775, 776 (Tex.App.-Beaumont 2003, no pet.). We noted that section 132.003 requires an inmate's unsworn declaration to be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* at 776 n. 2.

In *Teixeira v. Hall,* the Texarkana Court considered the sufficiency of an inmate's unsworn declaration provided to support his affidavit of inability to pay. *See Teixeira v. Hall,* 107 S.W.3d 805, 810 (Tex.App.-Texarkana 2003, no pet.). The *Teixeira* Court concluded that its review should determine "the basic question of whether, if [the affiant] lied, perjury could be assigned to this declaration." *Id.* (In comparing its review to that required under Rule of Civil Procedure 145, the court noted that Rule 145 cases appraised whether the affirmations "show that the

Court: You take the position that we will go from eight years deferred adjudication to—
State: The whole purpose, as you know, for deferred on a sexual offense, is for the court to have that exposure for the Defendant, and that's why deferred is the only thing that is available for these type of offenses, and if you—
Court: I take it you were not the prosecutor that recommended the eight years deferred adjudication?

State: You take it correctly.
While this exchange clearly shows that the prosecutor at the revocation hearing was seeking a forty year sentence and was not the prosecutor at the deferred adjudication hearing, the State does not explain how this record excerpt shows that the State did not offer a seven-year plea bargain prior to the revocation hearing.

statements are based on the affiant's personal knowledge and whether the statement is so positive as to allow perjury to lie.")

In *Mason v. State*, an unreported criminal case [6] involving a motion for new trial, the defendant's supporting affidavit contained an unsworn declaration in which he asserted "under penalty of perjury that the foregoing motion for new trial [was] true and correct to the best of [his] knowledge." 2003 WL 1237947, at *2 (Tex.App.-San Antonio March 19, 2003, pet. ref'd)(not designated for publication). The *Mason* Court stated that a "declaration does not attest to the truthfulness of the facts" when it includes the phrase "to the best of my knowledge." *Id.* The court further determined that the declaration did not substantially comply with the form required by law and, thus, was not effective as a verification or affidavit. *Id.* Concluding that the motion for new trial was insufficient as a matter of law, the Mason Court found that the trial court did not abuse its discretion by denying the motion without a hearing. *Id.*

In *In re Hargesheimer*, an inmate sought a writ of mandamus. See 2004 WL 42261, at *1 (Tex.App.-Amarillo Jan.8, 2004, no pet.). The Amarillo Court of Appeals denied the writ, in part due to the relator's reliance on an insufficient affidavit. *Id.* The court noted that the document filed as an affidavit could not be considered even as an unsworn declaration because the relator failed to assert that the document's factual statements were true and correct "under penalty of perjury." *Id.*

In Texas criminal cases involving new trial motions, it has long been the rule that affidavits are insufficient if they would not support perjury prosecutions.[7] *See Vyvial v. State*, 111 Tex.Crim. 111, 10 S.W.2d 83, 84–85 (1928)(op. on reh'g); *Bearden v. State*, 648 S.W.2d 688, 690–91 (Tex.Crim.App.1983)(citing *Vyvial* with approval); *Grant v. State*, 172 S.W.3d 98, 102 (Tex.App.-Texarkana 2005, no pet. h.)(recently explaining that motion-for-new-trial affidavit must be "stated in such a direct and unequivocal manner that perjury could be assigned to it if the statement was found to be false[ ]").

■ Texas civil cases also inform our analysis of affidavit requirements.[8] To be

6. We consider unreported cases for informational purposes only as they have no precedential value. *See* TEX.R.APP. P. 47.7.

7. Section 37.02. Perjury

(a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning:

(1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath; or

(2) he makes a false unsworn declaration under Chapter 132, Civil Practice and Remedies Code.

(b) An offense under this section is a Class A misdemeanor.

TEX. PEN.CODE ANN. § 37.02 (Vernon 2003).

8. In *Charles v. State*, the Texas Court of Criminal Appeals recently applied the civil summary judgment standard to determine requirements for affidavits of interested parties in a criminal case. *See* 146 S.W.3d 204, 210 (Tex.Crim.App.2004). The *Charles* Court noted that the Texas Rules of Civil Procedure allow affidavits from interested parties to establish facts for "summary-judgment purposes only if that evidence is 'clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies, and could have been readily controverted.' " *Id.* (quoting TEX.R. CIV. P. 166a(c)). "A trial judge has discretion to discount factual assertions in an affidavit by an interested party that do not meet this test." *Charles*, 146 S.W.3d at 210. When the affidavit contains factual assertions regarding an interested witness's own state of mind, the affidavit normally will be "uncontrovertible" because " 'the mental workings of

legally sufficient, an affidavit must "positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge." *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex.1994)(citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975)). The *Brownlee* Court explained that, absent statutory authorization, "an affidavit is insufficient unless the allegations contained therein are direct and unequivocal and perjury can be assigned upon it." *Brownlee*, 665 S.W.2d 111, 112; *see also Ex parte Miller*, 604 S.W.2d 324, 326 (Tex.Civ.App.-Dallas 1980, no writ)(An affidavit that is sworn to on "best knowledge and belief" is insufficient because of "the reliance, at least in part, on one's belief.") As this Court previously explained, an affiant who swears that facts are true "according to his belief" cannot successfully be prosecuted and convicted for perjury if he then states erroneous beliefs. *See Williams v. Bagley*, 875 S.W.2d 808, 810 (Tex.App.-Beaumont 1994, no writ).

▉ Bahm uses the phrase "according to my belief" to qualify his declaration. As a result, it does not meet the statutory requirements of an unsworn declaration because it fails to attest to the truthfulness of the facts. Swearing that a fact is "true and correct according to one's belief" is not substantially the same form as swearing that a fact is "true and correct." Thus, the trial court was not required to consider Bahm's affidavit in determining whether to conduct an evidentiary hearing on his motion for new trial.[9]

▉ To be sufficient to require the trial court to hold an evidentiary hearing on Bahm's claim of ineffective assistance of counsel asserted in his motion for new trial, Bahm's other two supporting affidavits must specifically show that Bahm's attorney failed to inform him of an offered plea bargain. *See King*, 29 S.W.3d at 569. Affidavits that are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan*, 883 S.W.2d at 665.

Dewitt Bahm, the appellant's father, provided an affidavit that stated in pertinent part:

I was not called to testify at the hearing on the State's Motion to Adjudicate Guilt. However, if I had been called to testify, I would have testified that Christopher was trying to comply with all of his probation conditions and attempting to do the right thing. He was working and was trying to get a better job so he could pay the money that he owed. He was not making enough money in the job he had to pay what he owed. I would have testified that Christopher was a good person who wanted to be a contributing member of his community if given another chance by the Court.

Also, after the hearing where Christopher was sent to prison, I spoke to his lawyer and the lawyer told me that the State had offered him a plea bargain for 7 years. I had not heard before then that any plea bargain had been offered.

an individual's mind are matters about which adversaries have no knowledge or ready means of confirming or controverting.' " *Id.* (quoting *Lection v. Dyll*, 65 S.W.3d 696, 701 (Tex.App.-Dallas 2001, pet. denied)).

9. Even if Bahm's unsworn declaration had been sufficient, his affidavit was inconsistent with his father's regarding when his father learned of the alleged plea bargain offer. Bahm's affidavit stated that counsel informed his father of the offer in September, 2002; Dewitt Bahm's affidavit stated that he learned of the plea offer after the revocation hearing, which was held in February, 2003.

Dewitt Bahm's affidavit shows that he did not know about the alleged plea bargain until after the hearing. It does not prove when Christopher Bahm may have learned about the alleged proposal, or prove that Christopher Bahm's attorney did not timely convey plea bargains to him. Thus, it is insufficient to put the trial court on notice that reasonable grounds for relief exist.

Donna Klemme, Bahm's aunt, stated in her affidavit as follows:

> I was not called to testify at Christopher's revocation hearing where he was sentenced to prison. I was also never contacted by his lawyer. Had I been contacted and called to testify I would have testified that Christopher is a good person, he is kind-hearted and generous, has a good nature and is a good, hard worker. I would have testified that I believe Christopher has the desire and ability to do well on probation and be a positive member of society.

Donna Klemme's affidavit is insufficient as evidence of Bahm's claim of ineffective assistance as it provides no evidence to the trial court about the alleged plea bargain proposal.

Because the affidavits submitted by Bahm in his motion for new trial were factually insufficient regarding Bahm's claim of ineffective counsel, Bahm failed to put the trial court on notice that reasonable grounds existed for granting a new trial. Therefore, we hold that Bahm failed to establish any error by the trial court in refusing to hold an evidentiary hearing on his motion for new trial. Bahm's sole point of error is overruled.

Finding no reversible error, we affirm the trial court's judgment.

AFFIRMED.