NO. 07-05-0164-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2006


 ______________________________



ROLANDO G. FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402708; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Rolando G. Flores was granted deferred adjudication for assault, family
violence, with one prior offense, and placed on intensive community supervision for ten
years. Subsequently, the State filed a motion to proceed for multiple violations of the terms
and conditions of community supervision to which appellant pled not true. Following a
hearing, the trial court granted the motion, adjudicated appellant guilty, and sentenced him
to eight years confinement. After being granted an out-of-time appeal by the Texas Court
of Criminal Appeals, appellant perfected this appeal. By two issues, he maintains (1) the
trial court erred in not granting him a hearing on his motion for new trial based on his claim
of ineffective assistance of counsel, and (2) he received ineffective assistance of counsel. 
We affirm in part and dismiss in part for want of jurisdiction.

 Appellant was initially placed on deferred adjudication for domestic violence
committed against his girlfriend. According to appellant's community supervision officer,
Rene Cage, appellant was placed on intensive community supervision on August 1, 2003,
requiring, among other conditions, abstinence from any alcohol consumption. The record
establishes that he understood the terms and conditions of community supervision.
Although appellant suffers from a serious alcohol problem, he declined treatment in
Substance Abuse Felony Punishment Facility (SAFPF). Shortly after being placed on
community supervision, he signed an admission form stating he had consumed large
quantities of alcohol on September 18, September 20, and September 21, 2003. Cage
became concerned because appellant's acts of domestic violence usually resulted from
his alcohol abuse. Appellant was again offered SAFPF and before his paperwork could
be completed, he again relapsed and checked himself into a different treatment program
against the wishes of the community supervision office. 

 Appellant was allowed to continue his choice of treatment with the stipulations that
he would not be allowed to have contact with his girlfriend and implementation of a no
tolerance policy. He successfully completed the program and was referred to a halfway
house. After several weeks, he relapsed and was asked to leave. 

 Cage testified that appellant failed to avoid injurious or vicious habits, to complete
a domestic violence course, to regularly attend Alcoholics/Narcotics Anonymous meetings,
and to pay court costs and fees. According to Cage, appellant rationalized some of the
violations because he was unemployed and without transportation; he could not, however,
explain his ability to find funds to purchase alcoholic beverages as well as transportation
for that feat. 

 Defense counsel cross-examined Cage in an effort to show appellant was an
alcoholic who had admitted to his addiction. Cage acknowledged that appellant's
completion of his chosen treatment program and brief stay at a halfway house
demonstrated some effort. Defense counsel's cross-examination emphasized appellant's
limited education and lack of training in any field for employment purposes. Appellant 
suffered from an injured arm which realistically made it difficult for him to pursue most jobs. 
Cage explained that appellant was referred to the Texas Work Force Commission and
"Texas Rehabilitation" to address job skills and employment. 

 Following presentation of evidence, the trial court adjudicated appellant guilty and
proceeded to hear punishment evidence. The State presented punishment evidence from
Cage. According to her testimony, while she supervised appellant, he repeatedly failed to
take advantage of SAFPF. He also rejected other available alcohol counseling programs. 
Pursuant to the State's request, she researched the availability of a lock-down SAFPF in
Texas, but found none. She explained that appellant could not be confined in the Lubbock
County Community Corrections Facility because he committed an assaultive offense. 
Appellant also disregarded instructions to stay away from his girlfriend. Cage was
concerned that appellant's alcohol abuse and his repeated rejection of treatment programs
combined with his desire to reconcile with his girlfriend would result in further acts of
domestic violence. In her opinion, appellant was not a suitable candidate for community
supervision.

 Defense counsel did not cross-examine Cage during punishment. Neither did
appellant testify. Defense counsel informed the court, "Judge, we potentially have a
witness or two, but my client has decided that we're not going to call any witnesses. I
agree with him."

 During closing arguments, the State emphasized appellant's lack of commitment to
his community supervision and urged the trial court to assess a ten-year sentence. 
Defense counsel argued that an inference could be made that appellant's alcohol addiction
resulted in multiple violations of the conditions of community supervision. He advocated
rehabilitation and requested the court to consider the lower range of punishment. The trial
court imposed an eight-year sentence. 

 By his first issue, appellant asserts the trial court erred in not granting him an
evidentiary hearing on his motion for new trial by which he alleged counsel was ineffective
during both the adjudication and punishment phases. By his second issue, he contends
he was denied effective assistance of counsel during both the adjudication and punishment
phases. He recognizes, however, that aspects of the adjudication phase may not be
subject to review. 

 Initially, we address our jurisdiction to consider claims arising during the adjudication
phase. Both statutory and case law limit the relief available to a defendant who receives
deferred adjudication community supervision. See generally Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2006) (providing that after an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence, granting
of community supervision, and defendant's appeal continue as if the adjudication of guilt
had not been deferred). See also Manuel v. State, 994 S.W.2d 658, 661-61
(Tex.Crim.App. 1999). We have jurisdiction to consider the merits of a claim that
temporally arises before the act of adjudication if the claim directly and distinctly relates to
punishment rather than to the decision to adjudicate. Hogans v. State, 176 S.W.3d 829,
830 (Tex.Crim.App. 2005).

 Represented by different counsel for appellate purposes, appellant alleged in his
motion for new trial that trial counsel was ineffective in failing to (1) properly investigate the
case by interviewing and presenting witnesses during the adjudication and punishment
phases, (2) keep him sufficiently informed of the status of the case, and (3) disclose
potential conflicts in time to seek other counsel. Appellant is foreclosed from appealing
complaints from the adjudication phase that do not directly and distinctly relate to
punishment. See Bahm v. State, 184 S.W.3d 792, 795-96 (Tex.App.-Beaumont 2006, pet.
granted) (citing and applying Hogans, 176 S.W.3d at 830-31).




 Non-appealable matters


 The record contains trial counsel's affidavit prepared pursuant to the instructions to
the trial court from the Court of Criminal Appeals to determine why appellant's first notice
of appeal was untimely filed. According to counsel, he met with appellant on at least three
occasions and provided him with copies of all discovery, pleadings, motions, and witness
statements, and a summary of the community supervision officer's report. In the affidavit,
counsel also addressed appellant's conflict of interest concern and explained that twenty
years earlier counsel had worked with appellant's girlfriend's father, but had not met her
until he began investigating the underlying case. 

 Appellant maintains he received ineffective assistance of counsel at the adjudication
phase. Specifically he alleges counsel failed to properly investigate the case by
interviewing and presenting witnesses and failed to keep him informed on the status of his
case. He also contends counsel failed to disclose potential conflicts in time for him to seek
other counsel. From the record before us, we determine these contentions do not relate
distinctly to the punishment phase, and we have no jurisdiction to consider them.

Appealable matters


 Appellant argues ineffective assistance of counsel during the punishment phase as
it relates to the trial court's decision not to hold an evidentiary hearing on his motion for
new trial. He also faults counsel for (1) failing to present punishment evidence, (2)
deciding not to cross-examine Cage, and (3) failing to request a presentence investigation
report (PSI).

 A trial court's decision not to hold an evidentiary hearing on a motion for new trial
is reviewed for abuse of discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex.Crim.App.
2003). A defendant is entitled to an evidentiary hearing when the motion and supporting
affidavits raise matters that are not determinable from the record without a hearing, and
the record prior to the hearing demonstrates that the defendant could be entitled to relief. 
Id. The motion and accompanying affidavits need not establish a prima facie case; rather
they need only reflect that reasonable grounds exist for granting a new trial. Jordan v.
State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). An affidavit that is conclusory in nature
and unsupported by facts is insufficient to put the trial court on notice that reasonable
grounds for relief exist. Id.

 The only affidavit in support of the motion for new trial is from appellate counsel. 
He avers in relevant part:

 The allegations contained within the Motion for New Trial are true and correct
based on my investigation of this case and based on the written statements
made to me by Rolando Flores.


Neither the motion nor affidavit provide facts which if found true would entitle appellant to
relief. Potential witnesses, if any, that could have testified during punishment are not
named. Nor does appellant provide what further investigation regarding sentencing would
have revealed. We conclude the motion for new trial and supporting affidavit were
insufficient to put the trial court on notice that reasonable grounds existed to believe
counsel's representation during the punishment phase may have been ineffective. We
hold the trial court did not abuse its discretion in failing to conduct an evidentiary hearing
on appellant's motion for new trial. Issue one is overruled.

 We review appellant's second issue that he received ineffective assistance during
the punishment phase under the standard enunciated in Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must establish that (1)
counsel's performance was deficient (i.e., fell below an objective standard of
reasonableness), and (2) there is a reasonable probability that but for counsel's deficient
performance, the result of the proceeding would have been different, a reasonable
probability being a probability sufficient to undermine confidence in the outcome. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). See also Hernandez v. State, 726
S.W.2d 53, 55 (Tex.Crim.App. 1986). The defendant must overcome the presumption that
counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d
768, 771 (Tex.Crim.App. 1994). Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Thompson v. State,
9 S.W.3d 808, 814 (Tex.Crim.App. 1999) (citing Strickland, 466 U.S. at 700).

 Appellant argues that counsel was ineffective during punishment by failing to
present evidence. We do not agree. The failure to present evidence does not constitute
ineffective assistance unless the record demonstrates what the evidence was and how it
would have been beneficial to the defendant. Butler v.State, 716 S.W.2d 48, 55
(Tex.Crim.App. 1986). See also Cate v. State, 124 S.W.3d 922, 927 (Tex.App.-Amarillo
2004, pet. ref'd). Appellant does not indicate what evidence, if any, was available that
would have benefitted him during the punishment phase.

 Appellant also complains that counsel was ineffective during punishment by failing
to cross-examine Cage. Again, we disagree. "Often, the decision to not cross-examine
a witness is the result of wisdom acquired by experience in the combat of trial." Miniel v.
State, 831 S.W.2d 310, 324 (Tex.Crim.App. 1992) (quoting Coble v. State, 501 S.W.2d
344, 346 (Tex.Crim.App. 1973)). Counsel had already effectively cross-examined Cage
during the adjudication phase without eliciting any favorable testimony. Appellant has not
shown that counsel's decision to forego cross-examining Cage during punishment was not
sound trial strategy. 

 Appellant's final complaint relating to punishment is that although not required to do
so, counsel should have requested a PSI report prior to sentencing. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2006). Although appellant concedes counsel
was not required to request preparation of a PSI report, he urges counsel should have
because of issues regarding his alcohol abuse which may have contributed to commission
of the charged offense. See Art. 42.12, § 9(h). A PSI report advises the trial court on the
circumstances of the charged offense, the amount of restitution necessary to compensate
the victim, the criminal and social history of the defendant, and any other information
relating to the defendant or the offense requested by the judge. Art. 42.12, § 9(a). 
Appellant has not overcome the presumption that counsel's failure to press for preparation
of a PSI might be considered sound trial strategy. Moreover, even assuming that counsel's
failure to request preparation of a PSI report was a deficiency in his performance, appellant
has not demonstrated that there is a reasonable probability that but for the alleged
deficiency, the result of the proceeding would have been different.

 Appellant has not established that he received ineffective assistance of counsel with
respect to the punishment phase. Issue two is overruled.

 Having concluded we have no jurisdiction to address the merits of appellant's
complaints relating to the adjudication phase, that portion of the appeal is dismissed; in all
other respects, the trial court's judgment is affirmed.


 James T. Campbell

 Justice



Do not publish.