NO. 07-05-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2006
_____

ROLANDO G. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402708; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Rolando G. Flores was granted deferred adjudication for assault, family violence, with one prior offense, and placed on intensive community supervision for ten years. Subsequently, the State filed a motion to proceed for multiple violations of the terms and conditions of community supervision to which appellant pled not true. Following a hearing, the trial court granted the motion, adjudicated appellant guilty, and sentenced him to eight years confinement. After being granted an out-of-time appeal by the Texas Court of Criminal Appeals, appellant perfected this appeal. By two issues, he maintains (1) the

trial court erred in not granting him a hearing on his motion for new trial based on his claim of ineffective assistance of counsel, and (2) he received ineffective assistance of counsel. We affirm in part and dismiss in part for want of jurisdiction.

Appellant was initially placed on deferred adjudication for domestic violence committed against his girlfriend. According to appellant's community supervision officer, Rene Cage, appellant was placed on intensive community supervision on August 1, 2003, requiring, among other conditions, abstinence from any alcohol consumption. The record establishes that he understood the terms and conditions of community supervision. Although appellant suffers from a serious alcohol problem, he declined treatment in Substance Abuse Felony Punishment Facility (SAFPF). Shortly after being placed on community supervision, he signed an admission form stating he had consumed large quantities of alcohol on September 18, September 20, and September 21, 2003. Cage became concerned because appellant's acts of domestic violence usually resulted from his alcohol abuse. Appellant was again offered SAFPF and before his paperwork could be completed, he again relapsed and checked himself into a different treatment program against the wishes of the community supervision office.

Appellant was allowed to continue his choice of treatment with the stipulations that he would not be allowed to have contact with his girlfriend and implementation of a no tolerance policy. He successfully completed the program and was referred to a halfway house. After several weeks, he relapsed and was asked to leave.

2

Cage testified that appellant failed to avoid injurious or vicious habits, to complete a domestic violence course, to regularly attend Alcoholics/Narcotics Anonymous meetings, and to pay court costs and fees. According to Cage, appellant rationalized some of the violations because he was unemployed and without transportation; he could not, however, explain his ability to find funds to purchase alcoholic beverages as well as transportation for that feat.

Defense counsel cross-examined Cage in an effort to show appellant was an alcoholic who had admitted to his addiction. Cage acknowledged that appellant's completion of his chosen treatment program and brief stay at a halfway house demonstrated some effort. Defense counsel's cross-examination emphasized appellant's limited education and lack of training in any field for employment purposes. Appellant suffered from an injured arm which realistically made it difficult for him to pursue most jobs. Cage explained that appellant was referred to the Texas Work Force Commission and "Texas Rehabilitation" to address job skills and employment.

Following presentation of evidence, the trial court adjudicated appellant guilty and proceeded to hear punishment evidence. The State presented punishment evidence from Cage. According to her testimony, while she supervised appellant, he repeatedly failed to take advantage of SAFPF. He also rejected other available alcohol counseling programs. Pursuant to the State's request, she researched the availability of a lock-down SAFPF in Texas, but found none. She explained that appellant could not be confined in the Lubbock County Community Corrections Facility because he committed an assaultive offense. Appellant also disregarded instructions to stay away from his girlfriend. Cage was

3

concerned that appellant's alcohol abuse and his repeated rejection of treatment programs combined with his desire to reconcile with his girlfriend would result in further acts of domestic violence. In her opinion, appellant was not a suitable candidate for community supervision.

Defense counsel did not cross-examine Cage during punishment. Neither did appellant testify. Defense counsel informed the court, "Judge, we potentially have a witness or two, but my client has decided that we're not going to call any witnesses. I agree with him."

During closing arguments, the State emphasized appellant's lack of commitment to his community supervision and urged the trial court to assess a ten-year sentence. Defense counsel argued that an inference could be made that appellant's alcohol addiction resulted in multiple violations of the conditions of community supervision. He advocated rehabilitation and requested the court to consider the lower range of punishment. The trial court imposed an eight-year sentence.

By his first issue, appellant asserts the trial court erred in not granting him an evidentiary hearing on his motion for new trial by which he alleged counsel was ineffective during both the adjudication and punishment phases. By his second issue, he contends he was denied effective assistance of counsel during both the adjudication and punishment phases. He recognizes, however, that aspects of the adjudication phase may not be subject to review.

Initially, we address our jurisdiction to consider claims arising during the adjudication phase. Both statutory and case law limit the relief available to a defendant who receives deferred adjudication community supervision. *See generally* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2006) (providing that after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred). *See also Manuel v. State*, 994 S.W.2d 658, 661-61 (Tex.Crim.App. 1999). We have jurisdiction to consider the merits of a claim that temporally arises before the act of adjudication if the claim directly and distinctly relates to punishment rather than to the decision to adjudicate. *Hogans v. State*, 176 S.W.3d 829, 830 (Tex.Crim.App. 2005).

Represented by different counsel for appellate purposes, appellant alleged in his motion for new trial that trial counsel was ineffective in failing to (1) properly investigate the case by interviewing and presenting witnesses during the adjudication and punishment phases, (2) keep him sufficiently informed of the status of the case, and (3) disclose potential conflicts in time to seek other counsel. Appellant is foreclosed from appealing complaints from the adjudication phase that do not directly and distinctly relate to punishment. *See Bahm v. State*, 184 S.W.3d 792, 795-96 (Tex.App.–Beaumont 2006, pet. granted) (citing and applying *Hogans*, 176 S.W.3d at 830-31).

5

## Non-appealable matters

The record contains trial counsel's affidavit prepared pursuant to the instructions to the trial court from the Court of Criminal Appeals to determine why appellant's first notice of appeal was untimely filed. According to counsel, he met with appellant on at least three occasions and provided him with copies of all discovery, pleadings, motions, and witness statements, and a summary of the community supervision officer's report. In the affidavit, counsel also addressed appellant's conflict of interest concern and explained that twenty years earlier counsel had worked with appellant's girlfriend's father, but had not met her until he began investigating the underlying case.

Appellant maintains he received ineffective assistance of counsel at the adjudication phase. Specifically he alleges counsel failed to properly investigate the case by interviewing and presenting witnesses and failed to keep him informed on the status of his case. He also contends counsel failed to disclose potential conflicts in time for him to seek other counsel. From the record before us, we determine these contentions do not relate distinctly to the punishment phase, and we have no jurisdiction to consider them.

## Appealable matters

Appellant argues ineffective assistance of counsel during the punishment phase as it relates to the trial court's decision not to hold an evidentiary hearing on his motion for new trial. He also faults counsel for (1) failing to present punishment evidence, (2) deciding not to cross-examine Cage, and (3) failing to request a presentence investigation report (PSI).

A trial court's decision not to hold an evidentiary hearing on a motion for new trial is reviewed for abuse of discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex.Crim.App. 2003). A defendant is entitled to an evidentiary hearing when the motion and supporting affidavits raise matters that are not determinable from the record without a hearing, and the record prior to the hearing demonstrates that the defendant could be entitled to relief. *Id*. The motion and accompanying affidavits need not establish a prima facie case; rather they need only reflect that reasonable grounds exist for granting a new trial. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). An affidavit that is conclusory in nature and unsupported by facts is insufficient to put the trial court on notice that reasonable grounds for relief exist. *Id*.

The only affidavit in support of the motion for new trial is from appellate counsel. He avers in relevant part:

> The allegations contained within the Motion for New Trial are true and correct based on my investigation of this case and based on the written statements made to me by Rolando Flores.

Neither the motion nor affidavit provide facts which if found true would entitle appellant to relief. Potential witnesses, if any, that could have testified during punishment are not named. Nor does appellant provide what further investigation regarding sentencing would have revealed. We conclude the motion for new trial and supporting affidavit were insufficient to put the trial court on notice that reasonable grounds existed to believe counsel's representation during the punishment phase may have been ineffective. We

7

hold the trial court did not abuse its discretion in failing to conduct an evidentiary hearing on appellant's motion for new trial. Issue one is overruled.

We review appellant's second issue that he received ineffective assistance during the punishment phase under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). *See also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). The defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999) (citing *Strickland*, 466 U.S. at 700).

Appellant argues that counsel was ineffective during punishment by failing to present evidence. We do not agree. The failure to present evidence does not constitute ineffective assistance unless the record demonstrates what the evidence was and how it would have been beneficial to the defendant. *Butler v.State*, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986). *See also Cate v. State*, 124 S.W.3d 922, 927 (Tex.App.–Amarillo

8

2004, pet. ref'd). Appellant does not indicate what evidence, if any, was available that would have benefitted him during the punishment phase.

Appellant also complains that counsel was ineffective during punishment by failing to cross-examine Cage. Again, we disagree. "Often, the decision to not cross-examine a witness is the result of wisdom acquired by experience in the combat of trial." *Miniel v. State*, 831 S.W.2d 310, 324 (Tex.Crim.App. 1992) (quoting *Coble v. State*, 501 S.W.2d 344, 346 (Tex.Crim.App. 1973)). Counsel had already effectively cross-examined Cage during the adjudication phase without eliciting any favorable testimony. Appellant has not shown that counsel's decision to forego cross-examining Cage during punishment was not sound trial strategy.

Appellant's final complaint relating to punishment is that although not required to do so, counsel should have requested a PSI report prior to sentencing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2006). Although appellant concedes counsel was not required to request preparation of a PSI report, he urges counsel should have because of issues regarding his alcohol abuse which may have contributed to commission of the charged offense. *See* Art. 42.12, § 9(h). A PSI report advises the trial court on the circumstances of the charged offense, the amount of restitution necessary to compensate the victim, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. Art. 42.12, § 9(a). Appellant has not overcome the presumption that counsel's failure to press for preparation of a PSI might be considered sound trial strategy. Moreover, even assuming that counsel's

9

failure to request preparation of a PSI report was a deficiency in his performance, appellant has not demonstrated that there is a reasonable probability that but for the alleged deficiency, the result of the proceeding would have been different.

Appellant has not established that he received ineffective assistance of counsel with respect to the punishment phase. Issue two is overruled.

Having concluded we have no jurisdiction to address the merits of appellant's complaints relating to the adjudication phase, that portion of the appeal is dismissed; in all other respects, the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.