

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00113-CR

_____

DOUGLAS ALAN DANZER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 9815138

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In its motion to proceed with adjudication of Douglas Alan Danzer's guilt for aggravated sexual assault of a child,[1] the State alleged eighteen violations. Danzer pled "true" to all eighteen, including one violation that, while under community supervision, he had direct contact with his biological granddaughter, a minor. The trial court accepted Danzer's plea and sentenced him to sixty years' imprisonment.

In his sole point on appeal, Danzer argues that, because the trial court had previously modified his conditions of community supervision to allow him to be in the presence of his minor biological children, we should interpret that modification to allow him to be in the presence of his minor biological granddaughter. Danzer argues that this Court should interpret the term "biological children" to include "biological grandchildren" and that we should, based on that interpretation, reverse and remand the trial court's sentence.

We affirm the trial court's judgment because Danzer does not contest the other seventeen violations, to which he pled "true," and because there are no factual or legal grounds to support the interpretation of the term "minor biological children" to include Danzer's minor granddaughter.

One significant problem with Danzer's appeal is that he pled "true" to eighteen violations of his community supervision terms, the violation raised in his one point of error on appeal and seventeen other violations. A plea of "true" to even one allegation is sufficient to support a

[1]Danzer had pled guilty to aggravated sexual assault of a child and had received ten years' deferred community supervision.

2

judgment of adjudication.   *Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.); *Bahm v. State*, 184 S.W.3d 792, 801 (Tex. App.—Beaumont 2006), *rev'd on other grounds*, 219 S.W.3d 391 (Tex. Crim. App. 2007).   Danzer fails to raise any defense or point of error regarding the other seventeen community supervision violations to which he pled true.   Therefore, we must affirm the judgment of the trial court.

Even had Danzer not admitted the other violations, we would affirm on his sole point of error.

Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that a brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."   TEX. R. APP. P. 38.1(h).   An inadequately briefed issue may be waived on appeal. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "longstanding rule" that a point may be waived due to inadequate briefing); *McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); *Hooper v. Smallwood*, 270 S.W.3d 234 (Tex. App.—Texarkana 2008, pet. denied).

Because the argument on Danzer's sole point of error is inadequately briefed, we are not required to address it.   We nevertheless, in the interest of justice, address it on this occasion.   In that point of error, Danzer asks us to include "grandchild" in the term "child" and thus hold that

Danzer was within the trial court's exception to the no-contact-with-minors provision when he was in contact with his minor granddaughter.

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

A trial court retains continuing jurisdiction over a defendant's community supervision and has almost unlimited authority as a matter of law to alter or modify any conditions of community supervision during the probationary period. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 10(a), 22 (Vernon Supp. 2009); *Ex parte Fulce*, 993 S.W.2d 660, 662 (Tex. Crim. App. 1999); *Bailey v. State*, 888 S.W.2d 600, 604 (Tex. App.—Beaumont 1994, no pet.). Trial courts have been given wide discretion in selecting terms and conditions of community supervision. *Fielder v. State*, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991); *Salinas v. State*, 514 S.W.2d 754 (Tex. Crim. App. 1974). If the conditions of community supervision are clear, explicit, and unambiguous so that the defendant understands what is expected of him or her, and if such conditions bear a reasonable relationship to the treatment of the defendant and the protection of the public, the imposition of such conditions of community supervsion will not be disturbed on review. *Macias v. State*, 649 S.W.2d 150, 152 (Tex. App.—El Paso 1983, no pet.).[2]

The trial court amended the conditions of Danzer's community supervision to prohibit

---

[2]Danzer does not argue that the conditions of his community supervision (1) were unclear, implicit, or ambiguous, or (2) bore no reasonable relationship to his treatment and the protection of the public.

Danzer from being in the direct presence of, or having any personal contact with, "any person under the age of 17, except for his biological children." Black's Law Dictionary defines "biological child" as "a child by birth, as distinguished from an adopted child" and the applicable meaning of "child" is "a son or daughter." BLACK'S LAW DICTIONARY 271–72 (9th ed. 2009). Neither Danzer's brief nor a search of applicable law reveals any authority empowering this Court to alter the plain and accepted definition of "biological children" to include grandchildren.

We overrule Danzer's point of error and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    April 15, 2010
Date Decided:      April 16, 2010

Do Not Publish