In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00113-CR

                                                ______________________________

 

 

                                DOUGLAS ALAN DANZER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 9815138

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

In its motion to proceed with adjudication
of Douglas Alan Danzer’s guilt for aggravated sexual assault of a child,[1]
the State alleged eighteen violations. 
Danzer pled “true” to all eighteen, including one violation that, while
under community supervision, he had direct contact with his biological
granddaughter, a minor.  The trial court accepted
Danzer’s plea and sentenced him to sixty years’ imprisonment.

In his sole point on appeal, Danzer argues
that, because the trial court had previously modified his conditions of
community supervision to allow him to be in the presence of his minor
biological children, we should interpret that modification to allow him to be
in the presence of his minor biological granddaughter.  Danzer argues that this Court should
interpret the term “biological children” to include “biological grandchildren”
and that we should, based on that interpretation, reverse and remand the trial
court’s sentence.

            We affirm
the trial court’s judgment because Danzer does not contest the other seventeen
violations, to which he pled “true,” and because there are no factual or legal
grounds to support the interpretation of the term “minor biological children”
to include Danzer’s minor granddaughter.

            One
significant problem with Danzer’s appeal is that he pled “true” to eighteen
violations of his community supervision terms, the violation raised in his one
point of error on appeal and seventeen other violations.  A plea of “true” to even one allegation is
sufficient to support a judgment of adjudication.  Watts v.
State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Lewis
v. State, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.); Bahm
v. State, 184 S.W.3d
792, 801 (Tex. App.—Beaumont 2006), rev’d
on other grounds, 219 S.W.3d 391 (Tex. Crim. App. 2007).  Danzer fails to raise any defense or point of
error regarding the other seventeen community supervision violations to which
he pled true.  Therefore, we must affirm
the judgment of the trial court.

            Even had
Danzer not admitted the other violations, we would affirm on his sole point of
error.

            Rule 38.1(h) of the Texas
Rules of Appellate Procedure requires that a brief contain “a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P. 38.1(h).  An inadequately briefed issue may be waived
on appeal.  Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the
“longstanding rule” that a point may be waived due to inadequate briefing); McCarthy
v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001); Hooper v.
Smallwood, 270 S.W.3d 234 (Tex. App.—Texarkana 2008, pet. denied).

            Because
the argument on Danzer’s sole point of error is inadequately briefed, we are
not required to address it.  We
nevertheless, in the interest of justice, address it on this occasion.  In that point of error, Danzer asks us to
include “grandchild” in the term “child” and thus hold that Danzer was within
the trial court’s exception to the no-contact-with-minors provision when he was
in contact with his minor granddaughter.

Our
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984).

A trial court retains
continuing jurisdiction over a defendant’s community supervision and has almost
unlimited authority as a matter of law to alter or modify any conditions of community
supervision  during  the  probationary
 period.   See  Tex.
 Code  Crim.  Proc.
 Ann.  art. 42.12, §§ 10(a), 22 (Vernon Supp. 2009); Ex
parte Fulce, 993
S.W.2d 660, 662 (Tex. Crim. App. 1999); Bailey v. State, 888 S.W.2d 600,
604 (Tex. App.—Beaumont 1994, no pet.).  Trial
courts have been given wide discretion in selecting terms and conditions of community
supervision.  Fielder v. State,
811 S.W.2d 131, 134 (Tex. Crim. App. 1991); Salinas v. State, 514 S.W.2d
754 (Tex. Crim. App. 1974).  If the
conditions of community supervision are clear, explicit, and unambiguous so
that the defendant understands what is expected of him or her, and if such
conditions bear a reasonable relationship to the treatment of the defendant and
the protection of the public, the imposition of such conditions of community
supervsion will not be disturbed on review.  Macias v. State, 649 S.W.2d 150, 152
(Tex. App.—El Paso 1983, no pet.).[2]

The trial court amended the
conditions of Danzer’s community supervision to prohibit Danzer from being in
the direct presence of, or having any personal contact with, “any person under
the age of 17, except for his biological children.”  Black’s Law Dictionary defines “biological
child” as “a child by birth, as distinguished from an adopted child" and
the applicable meaning of “child” is “a son or daughter.”  Black’s
Law Dictionary 271–72 (9th ed. 2009). 
Neither Danzer’s brief nor a search of applicable law reveals any
authority empowering this Court to alter the plain and accepted definition of
“biological children” to include grandchildren. 

            We
overrule Danzer’s point of error and affirm the trial court’s judgment.

 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          April
15, 2010

Date Decided:             April
16, 2010

 

Do Not Publish           

 











[1]Danzer
had pled guilty to aggravated sexual assault of a child and had received ten
years’ deferred community supervision.





[2]Danzer
does not argue that the conditions of his community supervision (1) were
unclear, implicit, or ambiguous, or (2) bore no reasonable relationship to his
treatment and the protection of the public.