IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0273-06




 


CHRISTOPHER JORDAN BAHM, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


BEAUMONT COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Meyers, Price,
Womack, Johnson, Keasler, Hervey, and Cochran, JJ., joined. Keller, P.J.,
dissented without written opinion.



 In this case, we determine whether the addition of the phrase "according to my belief"
in an inmate declaration invalidates an otherwise acceptable motion for new trial. We hold that
it does not, and we reverse the judgment of the court of appeals.

Background


 Christopher Jordan Bahm was charged with the offense of aggravated sexual assault of
a child. On February 8, 2002, he pled guilty to the charge and, pursuant to the plea agreement,
the trial court deferred adjudication and placed him on community supervision for eight years. 
Five months later, however, the State moved to revoke community supervision and to
adjudicate guilt, alleging that appellant had committed eleven violations of the conditions of
his community supervision. At the revocation hearing, appellant pled true to the six allegations
relating to the failure to pay, or timely pay, certain fines, fees, and costs. He pled "not true,"
however, to the remaining five allegations - that he failed to: (1) obtain suitable employment,
(2) perform community service, and (3) attend and complete sex offender counseling; and that
he admitted having: (4) unapproved contact with a minor child and (5) sexual intercourse with
a minor. The trial court held an evidentiary hearing, whereupon it found all of the allegations
to be true except the one relating to appellant's having admitted that he had had sexual
intercourse with a minor child. The trial court revoked appellant's community supervision,
adjudicated his guilt, and sentenced him to prison for 25 years.

 On March 21, 2003, appellant filed an untimely motion for new trial, on the ground that
the verdict in his case was contrary to the law and the evidence. The trial court promptly
denied the motion. On April 11, 2003, appellant filed a notice of appeal, but the court of
appeals dismissed the appeal for want of jurisdiction. Appellant later petitioned this Court for
a writ of habeas corpus, whereby we granted him an out-of-time appeal. (1) On January 13, 2005,
appellant filed a second motion for new trial based on several grounds: (1) that the adjudication
and finding of guilt and assessment of punishment were contrary to the law and evidence; (2)
that appellant received ineffective assistance of counsel; (3) that appellant's original plea to
the indictment was involuntary because the appellant had been coerced to enter the plea by his
attorney, under the threat that failure to accept the deferred adjudication offer would result in
a definite conviction and a 99-year sentence; (4) that the trial court failed to set appellant's
probation conditions and improperly delegated that power to the probation officer; (5) that the
State failed to prove that appellant intentionally failed to pay fines, fees and court costs; (6)
that the State failed to reveal mitigating evidence to appellant; (7) that the trial court erred in
allowing the admission of extraneous-offense evidence that had not been proven beyond a
reasonable doubt, thus allowing the State to try to prove that appellant was a "criminal in
general"; (8) that the trial court abused its discretion by revoking appellant's probation for
failure to maintain and secure employment when the evidence did not support that court's
findings; and (9) that the trial court failed to hold a punishment hearing after adjudicating
appellant's guilt, thus depriving him of an opportunity to present evidence in mitigation of his
punishment.

 The trial court denied the second motion for new trial without a hearing. Appellant
appealed to the court of appeals, claiming that the trial court erred in failing to hold an
evidentiary hearing on his second motion for new trial. The court of appeals affirmed,
focusing solely on the affidavits and only one of appellant's nine claims, holding that the
affidavits submitted by appellant in support of his motion for new trial were "insufficient
regarding [his] claim of ineffective counsel . . . to put the trial court on notice that reasonable
grounds existed for granting a new trial." Bahm v. State, 184 S.W.3d 792, 801 (Tex. App.--
Beaumont 2005). We granted review to consider whether "the Court of Appeals has attempted
to overrule the Court of Criminal Appeals' order concerning what language is appropriate for
an inmate declaration to constitute a sworn statement in lieu of an affidavit."

Discussion


 Appellant supported his motion for new trial with three documents, each entitled
"Affidavit." One of these was signed by appellant, another by his father, and yet another by his
aunt. In addition, appellant attached two documents, each entitled "Inmate's Declaration." One
of these was attached to his own affidavit, stating in relevant part, "I . . . declare under penalty
of perjury that according to my belief the foregoing information in this Affidavit are [sic] true
and correct." The other one was attached to his motion for new trial, similarly stating in
relevant part, "I . . . declare under penalty of perjury that according to my belief the foregoing
information and allegations of the Motion are true and correct."

 The court of appeals correctly recognized these declarations as the unsworn
declarations that the Texas Civil Practice and Remedies Code allows an inmate to use in lieu
of a verification or affidavit, (2) but found that appellant's declarations did not satisfy the
requirements of that Code. (3) The language of the statutes, however, does not support the court
of appeals' conclusion. Section 132.001 simply allows an inmate in the Texas Department of
Corrections or in a county jail to use an unsworn declaration "in lieu of a written sworn
declaration . . . or affidavit." Section 132.002 then sets out the actual requirements for such
declarations, which are simply that the unsworn declaration must be (1) written and (2)
"subscribed by the person making the declaration as true under penalty of perjury." Finally,
Section 132.003 sets out the form of the declaration but requires only substantial compliance
with the prescribed form, that is, "I . . . declare under penalty of perjury that the foregoing is
true and correct."

 Hence, neither of appellant's declarations appears to violate any of the above statutes,
since both of them (1) were written, (2) included the vital phrase "under penalty of perjury,"
and (3) substantially complied with the form of an unsworn declaration prescribed by the
Legislature. Thus, the only thing about the declarations that convinced the court of appeals that
they were nevertheless invalid under the law, was the inclusion of the phrase "according to my
belief." (4)

 The heart of the court of appeals' reasoning is that appellant's use of the phrase
"according to my belief" to qualify his declaration, in effect disqualified the declaration under
the statutory requirements of an unsworn declaration, "because it fail[ed] to attest to the
truthfulness of the facts." Bahm, 184 S.W.3d at 800. The court of appeals added that
"[s]wearing that a fact is 'true and correct according to one's belief' is not substantially the
same form as swearing that a fact is 'true and correct.'" Id. Based on these two premises, the
court then held that "the trial court was [therefore] not required to consider Bahm's affidavit
in determining whether to conduct an evidentiary hearing on his motion for new trial." Id.

 However, the court of appeals cited no authority for either the above premises or its
conclusion. Moreover, the court ailed to consider appellant's inclusion of the phrase "under
penalty of perjury" as an additional qualification of his declaration. Although the court's
approach is based on principles of logic, it did not follow its own approach when it placed so
much emphasis on one phrase ("according to my belief") at the expense of the other ("under
penalty of perjury") which, if anything, should be given more weight because it precedes and
carries a greater legal significance than the first phrase ("according to my belief").

 Texas Penal Code § 37.02, the statute on perjury, provides in relevant part:

 (a) A person commits an offense if, with intent to deceive and with
knowledge of the statement's meaning:

 (1) . . .

 (2) he makes a false unsworn declaration under Chapter 132, Civil
Practice and Remedies Code.

 (b) An offense under this section is a Class A misdemeanor.

(Emphasis added.)

 Thus, the perjury statute on its face is applicable to the Chapter 132 unsworn
declarations of the Texas Civil Practice and Remedies Code. As noted above, appellant's
declarations appear to be in accordance with the literal requirements of those statutes. The
only phrase that the Legislature actually mandates should be included in such declarations is
"under penalty of perjury." (5) Once that phrase is included, and the declaration at issue is in
writing, the instrument is sufficiently qualified to be subject to perjury; and the addition of a
phrase such as "according to my belief" can in no way be allowed to modify or lessen that
liability. Thus, the inclusion of the phrase "under penalty of perjury"is significant in itself,
carrying serious legal consequences that can and should not be ignored simply because of the
inclusion of another phrase, "according to my belief," which is neither required nor prohibited
by the statute. (6)

 In reaching its conclusion, the court of appeals also erred in failing to realize that this
Court has used the same language in its prescribed form for the writs of habeas corpus that 
appellant had used in his motion for new trial. Thus, in the "Inmate's Declaration," found in the
appendix to the Texas Rules of Appellate Procedure, we require inmates to "declare under
penalty of perjury that according to [his] belief the foregoing information and allegations of
the application are true and correct." The fact that our form has been prescribed for writs of
habeas corpus, while appellant was seeking a motion for new trial, is irrelevant; if, in the court
of appeals' opinion, the use of the words "according to my belief" in effect nullifies the legal
(punitive) effects of the phrase "under penalty of perjury," then our prescribed form for the
writs is as legally defective as the form used by appellant for his motion for new trial. (7)

 Indeed, the Texas Rules of Appellate Procedure do not require that a motion for new
trial be supported by affidavit. (8) Thus, it is not a statutory but a judicial requirement that
motions for new trial be supported by affidavits, and this requirement itself is applicable only
to cases where the motion is grounded on matters that are not already a part of the case
record. (9) As indicated previously, however, appellant in the present case had raised a number
of issues that were a part of the record (10) and thus were not required to be supported by
affidavit, even under judicial precedent. And since these matters were part of the record, they
could have been easily and more fully ascertained in an evidentiary hearing on appellant's
motion for new trial. But the court of appeals failed to even address these matters in its
opinion. Instead, the court of appeals focused exclusively on the affidavits and the claim of
ineffective counsel, which was but one of appellant's nine claims; and even in this single claim,
the court of appeals further narrowed its inquiry to counsel's alleged failure to relay the State's
plea offer to appellant, which was but one of several instances of ineffective counsel that
appellant had actually cited. See Bahm, 184 S.W.3d at 800 n.9 ("Even if Bahm's unsworn
declaration had been sufficient, his affidavit was inconsistent with his father's regarding when
his father learned of the alleged plea bargain offer."). Thus, for example, holding that the
affidavit of appellant's father "does not prove when Christopher Bahm may have learned about
the alleged proposal, or prove that Christopher Bahm's attorney did not timely convey plea
bargains to him," the court held that "the affidavits submitted by Bahm in his motion for new
trial were factually insufficient regarding Bahm's claim of ineffective counsel," and that
appellant thus "failed to put the trial court on notice that reasonable grounds existed for
granting a new trial." Id. at 801. However, as the court of appeals had noted earlier in the same
opinion, "[t]o be sufficient to require an evidentiary hearing, the motion for new trial and
accompanying affidavits need not establish a prima facie case for a new trial . . . . Rather, the
documents need only reflect that reasonable grounds exist for granting a new trial." Id. at 795
(citations omitted). While the court of appeals used the words "reasonable grounds," its
emphasis on proof in its analysis appears to conflict with its earlier statement that an appellant
does not need to establish a prima facie case to obtain a hearing on his motion for new trial.

 Indeed, in the case at bar, appellant made a factually sufficient showing on the one claim
that the court of appeals did address: that his attorney had not informed him of a plea offer that
the attorney was legally obliged to relay to him. Both appellant and his father attested to this
critical fact. The particulars of exactly who learned what at what time is something that can
be ascertained at the evidentiary hearing that the trial court denied. Similarly, any questions
of the affiants' credibility can be resolved at the same time.

Conclusion


 We hold that the court of appeals erred in concluding that appellant's affidavits failed
to meet the statutory requirements of an unsworn declaration and that they were legally and
factually insufficient to support his motion for new trial. Therefore, the court of appeals'
judgment is reversed, and the case is remanded to the trial court for an evidentiary hearing on
appellant's motion for new trial.


DELIVERED FEBRUARY 28, 2007

PUBLISH
1. Ex Parte Bahm, No. 75,043 (Tex. Crim. App.-- Nov. 17, 2004).
2. Bahm, 184 S.W.3d at 798 (citing Tex. Civ. Prac. & Rem. Code §§ 132.001-132.003).
3. Id. at 800 ("Bahm uses the phrase 'according to my belief' to qualify his declaration. As a
result, it does not meet the statutory requirements of an unsworn declaration.").
4. See id.
5. Tex. Civ. Prac. & Rem. Code § 132.002(2).
6. Indeed, one might argue that the Legislature's use of the phrases "with intent to deceive" and
"with knowledge of the statement's meaning," in the perjury statute, is another way of saying that it was
not "according to [a person's] belief" that the information he was giving was "true [or] correct." Thus,
the use of the phrase "according to my belief" might be construed as another way of saying that it is not
the person's "intent to deceive" and that it is with this "knowledge of the statement's meaning" that he
makes his declaration. As such, the use of the phrase "according to my belief" in a Chapter 132
unsworn declaration can be viewed as incorporating the language of the perjury statute, and thus
reinforcing the application of that statute to the declaration in question. In light of our disposition of the
case, however, we decline to explore this question further.
7. We note that there is much similarity between appellant's motion for new trial and a writ for
habeas corpus. The fact that appellant is seeking relief primarily on a ground that was not known to
him at the time of the trial (the fact that the State had made a plea offer that appellant's attorney never
conveyed to him, that the State allegedly withheld exculpatory information, etc.) shows such a similarity.
8. G. Dix & R. Dawson, 43A Texas Practice: Criminal Practice and Procedure § 41.23 (2d
ed. 2001 & Supp. 2006).
9. Id. (citing Bearden v. State, 648 S.W.2d 688, 690 (Tex. Crim. App.1983)).
10. For example, in his claim for ineffective counsel itself, appellant claimed that his attorney
conducted no discovery, filed no motions, interviewed or called no witnesses on appellant's behalf, etc. 
In addition to the claim of ineffective counsel, appellant also claimed that the State failed to disclose
exculpatory evidence, to wit: medical results of a rape test done on the alleged victim that did not even
show any signs of penetration, let alone DNA or any other forensic evidence to connect appellant to the
alleged rape.