In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-494 CR


 ______________________


 

DARREN DWAYNE PORTER A/K/A 


DARRIN DEWAYNE PORTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 92488






MEMORANDUM OPINION


 A jury convicted Darren Dwayne Porter a/k/a Darrin Dewayne Porter of sexual assault
of a child and assessed punishment at ten years in prison. (1) See Tex. Pen. Code Ann. §
22.011(a)(2)(A), (c)(1) (Vernon Supp. 2006). Porter filed a motion for new trial, which the
trial court denied without a hearing. On appeal, Porter asserts the trial judge abused his
discretion in failing to hold a hearing on Porter's motion.

 A trial court abuses its discretion in not holding a hearing on a motion for new trial
when a defendant presents a motion that raises "matters not determinable from the record,
upon which the accused could be entitled to relief." Reyes v. State, 849 S.W.2d 812, 816
(Tex. Crim. App. 1993); see also Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App.
2006). There is no absolute right to a hearing on a motion for new trial. See Wallace v.
State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Depending on the circumstances of the
case, a trial court may rule based on sworn pleadings and affidavits, and without oral
testimony. Holden, 201 S.W.3d at 763. 

 On appeal and in his motion for new trial, Porter argues he had a "fundamental
constitutional right to testify" at the guilt-innocence phase, and to waive that right, he had
to have done so "knowingly, intelligently, and voluntarily." He maintains that his trial
counsel was ineffective because counsel never advised him of his absolute right to testify. 
Porter explained he wanted to place "material evidence into the record . . . that goes to
motive, character and bias of the complaining witness."

 The evidence presented at the guilt-innocence phase includes T.B.'s testimony (2) that
Porter sexually assaulted her over the course of a few months. T.B.'s sister testified that the
sexual assault came to light when Porter called T.B.'s cell phone. The sister answered T.B.'s
phone, and Porter, apparently believing T.B. was on the line, asked why she was not at his
house. The sister testified she questioned T.B., and T.B. ultimately told their mother what
had happened. 

 Porter did not testify at the guilt-innocence phase of the trial. He did testify at the
punishment phase, however, and that testimony evidences what he would have testified to
at guilt-innocence: he said he bought cigarettes for T.B., but not in exchange for anything; 
T.B. became demanding and he refused to continue to supply her with cigarettes; T.B. then
concocted the charge about sexual assault to seek revenge against him; and T.B.'s sister also
sought revenge against Porter, because he had told the sister's husband that the sister was
having an affair. As evidenced by Porter's testimony at the punishment phase, his claim is
that he did not commit the sexual assault.

 Arguing ineffective assistance of counsel in his motion for new trial, Porter attached
an affidavit stating in part as follows:

 Well when it was my time to defend myself [trial counsel] refused to put me
on. I begged and argued three different ways telling him what my witness
knew and all, he just refused. My witness and I were ready. Had I known I
had the right to just get up and walk to the witness stand myself, my hand
before God I would have. When I realized he was not putting me on I sat back
sighed and rubbed my face and said, "okay." At that point I wanted to cry. I
knew I was doomed. . . . 


A criminal defendant has a fundamental constitutional right to testify at trial in his own
defense. Johnson v. State, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). 

 [D]efense counsel shoulders the primary responsibility to inform the defendant
of his right to testify, including the fact that the ultimate decision belongs to
the defendant. Because imparting that information is defense counsel's 
responsibility, Strickland provides the appropriate framework for addressing
an allegation that the defendant's right to testify was denied by defense
counsel. 


Id., 169 S.W.3d at 235 (footnote omitted). 

 The only issue presented here is whether a hearing was required on the motion for new
trial. No affidavit from trial counsel was presented with the motion. The motion and
Porter's affidavit need not establish a prima facie case for a new trial, but they must raise
matters not determinable from the record upon which Porter could be entitled to relief. See
Wallace, 106 S.W.3d at 108. The purpose of the hearing is to give a defendant the
opportunity to fully develop matters raised in his motion. Id. Porter's motion and affidavit
raised the claim that trial counsel did not inform him he had an absolute right to testify at the
guilt-innocence phase of the trial. See generally Jordan v. State, 883 S.W.2d 664, 665 (Tex.
Crim. App. 1994). 

 The State argues no hearing was necessary because Porter failed to raise matters not
determinable from the record, and the choice not to testify was apparently trial strategy. The
State points out that Porter had previously been convicted of a felony, and argues that had
Porter testified at guilt-innocence, the conviction possibly could have been presented to the
jury. We note that the record of the voir dire reflects some of trial counsel's questions to
potential jury members related to the right not to testify. We also note the prosecutor
challenged the credibility of Porter's testimony when Porter testified in the punishment
phase, and the trial court had the opportunity to listen to Porter's testimony and judge
Porter's credibility. 

 Nevertheless, absent a developed record, the merits of Porter's ineffective assistance
of counsel complaints would not be "firmly founded in the record" and would not be
reviewable in this direct appeal. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). In Bahm v. State, No. PD-0273-06, 2007 WL 601618, at *4-5 (Tex. Crim. App. Feb.
28, 2007), the Court of Criminal Appeals concluded that Bahm's affidavit accompanying his
motion for new trial satisfied statutory requirements governing affidavits and made a
factually sufficient showing that Bahm's attorney had not informed him of a plea offer that
the attorney was legally obligated to relay to him. The Court of Criminal Appeals remanded
the case to the trial court for an evidentiary hearing on Bahm's motion for new trial. Id. at
*5. 

 Other than Porter's affidavit, the record in this case is silent as to whether trial counsel
informed defendant of his right to testify. Porter should be given an opportunity to present
underlying facts of consequence bearing upon the alleged ineffective assistance claim, and,
if there was a failure to inform, facts bearing upon a harm analysis. See generally Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (presumption of reasonable and
professional assistance). 

 We abate the appeal. See Martinez v. State, 74 S.W.3d 19, 22 (Tex. Crim. App.
2002). The trial court is directed to hold a hearing on the motion for new trial, and to cause
to be filed in this Court a supplemental clerk's record containing the trial court's order on the
motion for new trial and a reporter's record containing a transcript of the hearing within
ninety days from the date of this Court's judgment. 

 ABATED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS
OPINION.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 11, 2007

Opinion Delivered May 9, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ. 
1. Porter was also assessed a $5,000 fine. 
2. T.B. was fifteen at the time of the offense.