# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00131-CR

**Anthony Perez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-07-904088, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Anthony Perez was convicted based on his plea of guilty to burglary of a habitation pursuant to a "five to 35-year 'cap deal.'" Sentence was later assessed at 35 years in prison. On appeal, Perez contends that the trial court erred by not granting his motion for new trial because his plea was not voluntary. Perez argues that he had insufficient time to confer with his counsel regarding his plea agreement and was unduly pressured to accept the plea agreement. We affirm.

At the beginning of the arraignment, Perez rejected the state's offer of 35 years in prison stating, "I'm really confused, Your Honor." The trial court explained the plea process and stated that Perez's two prior felonies made him eligible for a punishment range of 25 to 99 years or life in prison upon conviction for an additional felony. The court explained that the plea agreement involved dismissal of fourteen other cases. The court also explained that, without a plea agreement

and dismissal of the other charges, the State was free to seek life in prison, to prosecute the other charges, and to seek consecutive sentences. The defendant denied involvement in the offense in this case, asserted that nothing was taken from the alleged victim's home, downplayed the seriousness of his previous felonies, and asserted that 35 years was too long a sentence for his offenses compared to the sentences given to other offenders. After the trial court reiterated the risks of going to trial versus the relative certainty of the plea agreement, Perez asked for a couple of days to think about it. The trial court moved on to other business it estimated would take about 45 minutes, and told Perez he needed to make a decision with respect to the plea agreement that morning. Perez then conferred with his counsel.

When the arraignment resumed, it was a typical guilty plea. The court admonished Perez of his rights concerning a jury trial. Perez stated that his attorney had gone over his rights "[t]horoughly," and affirmed that he understood his rights and that he gave up those rights freely and voluntarily. Contrary to his previous protestation of innocence, he affirmed that he was pleading guilty because he was guilty and for no other reason. Perez admitted that he committed the burglary charged in this case. The trial court set the punishment hearing to follow preparation of the presentence investigation Perez requested. The court later assessed sentence at 35 years in prison—the top of the range in the plea agreement.

Perez then filed a motion for new trial in which he alleged that his plea was involuntary and unknowing because he had felt compelled to enter a guilty plea without adequate opportunity to discuss his options and without meaningful assistance of counsel. In his unsworn inmate declaration attached to the motion, Perez asserted that he had been unable to speak to his

2

attorney about the plea negotiations in the days leading up to the arraignment because he was incarcerated outside of Travis County. On the day of the arraignment, he learned that his previous plea agreement had fallen apart and that a new offer was made. He felt "considerable stress" (perhaps exacerbated by his bipolar and post-traumatic stress disorders). He states that he did not have adequate time to discuss his options with his attorney and feels like he was coerced into giving up his right to trial in light of the hurried nature of the offer. He closed by stating, "I have reviewed the factual allegations in the foregoing motion for new trial and hereby swear that they are true and correct to the best of my knowledge and belief." The motion was overruled as a matter of law when 75 days passed after the motion was filed. *See* Tex. R. App. P. 21.8.

We review a trial court's ruling on a motion for new trial under an abuse of discretion standard of review. *Webb v. State*, 232 S.W.3d 109, 110 (Tex. Crim. App. 2007); *Garcia v. State*, 246 S.W.3d 121, 147 (Tex. App.—San Antonio 2007, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Webb*, 232 S.W.3d at 110; *Garcia*, 246 S.W.3d at 147. We do not substitute our judgment for that of the trial court, but instead consider whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 110; *Garcia*, 246 S.W.3d at 147. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Webb*, 232 S.W.3d at 110; *Garcia*, 246 S.W.3d at 147-48.

The nature of the proceedings below places a heavy burden on Perez to prove that his plea was involuntary. A record that shows an incomplete or incorrect admonishment nevertheless

3

makes a prima facie showing that the plea was knowing and voluntary. *See Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). Perez concedes that the trial court complied with the plea statute. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West 2009). Perez acknowledged on the record at the plea proceeding that he understood the proceedings and pleaded guilty because the allegations were true and not because of outside pressure or influence. This places a heavy burden on Perez to prove that the plea was involuntary. *See George v. State*, 20 S.W.3d 130, 136 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). He could show his plea was involuntary by proving that it was based on erroneous information conveyed to the defendant by his trial counsel. *Fimberg v. State*, 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (citing *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984)).

Perez's motion for new trial was deficient because the attached affidavit did not comply with the requirements for unsworn inmate declarations. A motion for new trial that alleges facts outside the record must be accompanied by an affidavit. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.). Instead of an affidavit, an inmate can use an unsworn inmate declaration that complies with statutory requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West 2005). The unsworn declaration must be: "(1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury." *Id*. § 132.002 (West 2005). The form declaration, with which the inmate's declaration must substantially comply, has the inmate "declare under penalty of perjury that the foregoing is true and correct." *Id*. § 132.003 (West 2005). Perez prefaces his declaration by swearing and affirming the subsequent assertions, and concludes by stating, "I

4

have reviewed the factual allegations in the foregoing motion for new trial and hereby swear that they are true and correct to the best of my knowledge and belief." Because neither of these statements directly invokes the penalty of perjury, the unsworn declaration fails to satisfy the statute permitting use of the declaration in place of an affidavit. *See Bahm v. State*, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007) ("The only phrase that the Legislature actually mandates should be included in such declarations is 'under penalty of perjury.'"). The motion for new trial is, therefore, not substantiated by the requisite attestation to facts outside the record.

Even if the trial court considered every assertion made in Perez's declaration and in the plea proceedings, however, it did not abuse its discretion by allowing his motion to be overruled as a matter of law. The facts alleged do not overcome the prima facie showing that the plea was made knowingly and voluntarily. Although Perez stated that his attorney went over his waiver of rights thoroughly, that he understood his rights, and freely and voluntarily waived his rights, on appeal Perez alleges that he did not have sufficient time to confer with his attorney regarding the plea. However, Perez does not assert that there was information that he could have gleaned had he been granted more time, that he was misinformed regarding the circumstances or consequences of his plea, or that any new information would have altered his decision-making. The State is not required to offer a plea bargain, and the court is not obligated to accede fully to a defendant's request for time to consider an offer. Perez does not allege or offer evidence that the trial court was hostile, threatening, or intimidating. Perez could have maintained his original choice and pleaded not guilty. Instead, he opted to take a guaranteed maximum 35-year sentence on one case rather than a potential life term on this case, plus fourteen additional prosecutions. That does

5

not seem like an unreasonable choice.  The understandable stress of making such a decision does not render the court's limitation of the decision-making period wrongful—particularly in the absence of any allegation or proof that the limitation deprived Perez of necessary information on which to base the decision.  We find no abuse of discretion in the district court's allowing the motion for new trial to be overruled as a matter of law.

        Affirmed.

_____

        G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   July 16, 2009

Do Not Publish