**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00885-CR

_____

**ABNER L. WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1430059**

---

## MEMORANDUM OPINION

Appellant, Abner L. Washington, without an agreed recommendation from the State, pleaded guilty to possession of a controlled substance. The trial court found appellant guilty and assessed his punishment at sixty days' confinement. In

two issues, appellant contends that (1) he was denied the right to counsel during the time for filing a motion for new trial, and (2) the trial court erred in failing to grant a hearing on his motion for new trial. We affirm.

## Background

On May 29, 2014, appellant was arrested and charged with the state jail felony offense of possession of a controlled substance, namely, cocaine weighing less than one gram.[1] The next day, the trial court appointed an attorney to represent appellant.

Pursuant to his plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" which stated, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at WOAR [without agreed recommendation]." The document also contained the following language: "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The admonishment form signed by appellant stated "you are charged with the felony of PCS."

On June 17, 2014, the trial court signed the judgment. The judgment stated, "Appeal waived. No permission to appeal granted." The same day, the court signed its certification of appellant's right to appeal, reflecting that appellant "has waived

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (West 2010).

2

the right of appeal."[2]  However, the court later amended the certification to reflect that appellant had a right to appeal.

Thereafter, appellant began filing various pro se motions asking the trial court to reduce his sentence; grant him additional time in the Harris County Jail law library; grant him access to a "flat-rate billing" phone at the county's expense; alter, amend, or vacate his judgment and reduce his charge to possession of drug paraphernalia; and set his post-trial motions for hearing and re-assign his attorney to the case.  By letter dated June 21, 2014, appellant requested that his case be set for a hearing and indicated that he wanted to withdraw his guilty plea if the court did not modify or amend the judgment.  He also stated that his court-appointed counsel "may no longer be assigned to the case" and that he was therefore representing himself.

On July 2, 2014, appellant wrote a letter to the trial court stating that he wished to withdraw his guilty plea because, at the time of the plea, he believed that he was pleading "to a reduced charge as a misdemeanor offense and punishment."  He also requested that he and his attorney appear before the court, or that the court amend the judgment.  T. Jones, a district court clerk, informed appellant in writing that the

---

[2]     There is no reporter's record.

3

court took no action on his motions, and that appellant had completed his sentence in the case and was currently being held on a parole violation.

On July 9, 2014, appellant filed a motion for new trial entitled "Post-Judgment Hearing Conference Requested on Defendant's Motions to Alter or Amend the Judgment or Alternatively Request to Withdraw Guilty Plea Due to Misunderstanding of Terms." After appellant filed a notice of appeal, Jones informed appellant in writing that the trial court took no action on the notice and advised appellant that "[y]ou cannot appeal a sentence after it has been satisfied." Appellant subsequently filed several more motions with the trial court.

On September 15, 2014, the court appointed counsel to represent appellant on appeal. The trial court entered a judgment nunc pro tunc stating that "the defendant has the right to appeal." Appellant's motions, including his motion for new trial, were overruled by operation of law.

## Discussion

Appellant raises two points of error. First, he contends that he was denied his constitutional right to counsel during the time for filing a motion for new trial. Second, he argues that the trial court erred in failing to grant him a hearing on his motion for new trial.

## Deprivation of Counsel

### A. Applicable Law

A defendant may file a motion for new trial no later than thirty days after the date when the trial court imposes or suspends a sentence in open court. TEX. R. APP. P. 21.4(a). This thirty-day period is a "critical stage" in a criminal proceeding, and a defendant has a constitutional right to counsel during that period. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007).

If an appellant is represented by counsel during trial, there is a rebuttable presumption that the trial attorney continued to adequately represent appellant during the motion for new trial period. *See id.*; *Green v. State*, 264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The rebuttable presumption of adequate representation arises, in part, because appointed counsel remains as the defendant's counsel for all purposes until expressly permitted to withdraw, even if the appointment is for trial only. *Nguyen v. State*, 222 S.W.3d 537, 540 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). To prevail on a claim of deprivation of counsel, a defendant must affirmatively show he was not represented by counsel during this period. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Appellant bears the burden to produce evidence to rebut the presumption. *See id.*; *Benson v. State*, 224 S.W.3d 485, 491 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

To defeat the presumption, an appellant must show more than (1) appellant filed a pro se notice of appeal; (2) the appellate attorney was "to be determined"; (3) the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial; (4) on appeal, appellant would have raised further complaints had a motion for new trial been filed; (5) appellant appeared without counsel when signing a pauper's oath and requesting appellate counsel; and (6) the record shows no activity by trial counsel or any motion to withdraw from the case. *See Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000); *Green*, 264 S.W.3d at 69 (citing *Oldham*, 977 S.W.2d at 362–63). If a defendant rebuts the presumption with evidence he was deprived of adequate counsel during this stage, the deprivation of counsel is subject to a harm analysis. *See Cooks*, 240 S.W.3d at 911.

## B. Analysis

Appellant contends that he has rebutted the presumption that appointed trial counsel continued to represent him during the time for filing a motion for new trial because (1) the trial court erroneously told him that he did not have the right to appeal; (2) the court eventually appointed appellate counsel to represent him; and (3) he filed several pro se motions during the motion for new trial period.

Appellant argues that "[b]ecause the trial court pronounced that Mr. Washington could not appeal, then appointed trial counsel would not have continued to have represented Mr. Washington on any appeal." The record reflects that the

6

trial court initially certified that appellant had waived his right to appeal but later amended the certification to reflect appellant's right to appeal. The clerk of the court also sent a letter to appellant which stated, in part, "[y]ou cannot appeal a sentence after it has been satisfied." However, as the Court of Criminal Appeals has noted, "motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial." *Lundgren v. State*, 434 S.W.3d 594, 600 (Tex. Crim. App. 2014). Thus, even if appellant had validly waived his right to appeal, this does mean that his trial counsel ceased to represent him during the new trial period. Appellant further asserts that, if he had been represented during the new trial period, then his counsel would have taken some action to correct the trial court's certification and district clerk's letter regarding his right to appeal. However, to defeat the presumption of continued representation, an appellant must do more than show that the record reflects no activity by trial counsel. *See Green*, 264 S.W.3d at 69.

Appellant next contends that the trial court's appointment of appellate counsel three months after his conviction effectively rebuts the presumption that his appointed trial counsel continued to represent him during the time for filing a new trial motion. A showing that the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial is not sufficient to demonstrate

that a defendant was not counseled by his trial attorney regarding the merits of filing a motion for new trial. *See Oldham*, 977 S.W.2d at 362–63.

Appellant also argues that he rebutted the presumption of continued representation because he filed post-trial pro se motions requesting appointment of counsel. However, the filing of a pro se motion "does not, in and of itself, rebut the presumption that trial counsel acted in accordance with his continuing duty to represent his client." *See Green*, 264 S.W.3d at 70. We further note that, in other post-judgment correspondence, appellant asked the court to "summon my attorney to be present" and "contact Ms. Denise Crawford, [a]ttorney, and arrange for us to appear before you," suggesting that his trial counsel continued to represent him after the entry of judgment.

However, even if appellant was improperly denied counsel during this critical stage, any such error was harmless. In order to be entitled to a reversal, appellant had to establish that the deprivation of counsel during this period resulted in harm. *See Cooks*, 240 S.W.3d at 911. Appellant argues that because his motion alleges reasonable factual grounds, the error was not harmless. However, appellant has offered no explanation as to how he was harmed, for example, by showing how his motion for new trial would have been different had he had counsel or what arguments he would have made on appeal that he was prohibited from making as a result. *See id.* at 911–12 (finding no harm when defendant did not show any facially

8

plausible claims he was precluded from bringing); *Mashburn v. State*, 272 S.W.3d 1, 5 (Tex. App.—Fort Worth 2008, pet. ref'd) ("Appellant does not say what issues he would have raised on appeal that were not preserved by the motion for new trial filed and presented by trial counsel, nor are any of the issues in his brief barred from consideration by this court for lack of them being properly raised in a motion for new trial."). Because we hold that error, if any, in denying appellant representation during this critical stage was harmless, we overrule appellant's first issue.

## Motion for New Trial Hearing

In his second point of error, appellant contends that the trial court erred in failing to grant a hearing on his motion for new trial. He argues that his motion alleged reasonable grounds outside the record and, thus, required a hearing.

### A. Standard of Review and Applicable Law

We review a trial court's decision on whether to hold a hearing on a defendant's motion for new trial for abuse of discretion. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). The purposes of a new trial hearing are (1) to determine whether the case should be retried, or (2) to complete the record for presenting issues on appeal. *Id.* Therefore, in order for a defendant to be entitled to a hearing, the motion for new trial must satisfy two requirements: (1) it must assert matters that are "not determinable from the record" and (2) it must assert "reasonable grounds" showing that the defendant could be entitled to relief. *Smith v. State*, 286

9

S.W.3d 333, 338–39 (Tex. Crim. App. 2009). A motion for new trial must be "supported by an affidavit specifically setting out the factual basis for the claim."[3] *Hobbs*, 298 S.W.3d at 199. No hearing is required if "the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed." *Id.*

## B. Analysis

Appellant contends that his motion for new trial set forth the following facts which rendered his plea involuntary: (1) previously unknown collateral consequences; (2) his mistaken belief that his plea would result in a misdemeanor conviction; and (3) the residual substance found in drug paraphernalia was insufficient to sustain a felony conviction. He argues that these allegations amount to reasonable grounds which are not determinable from the record and, therefore, entitle him to a hearing.

Appellant asserts that the first allegation in his motion—that he was unaware of the collateral consequences of his plea—is not determinable from the record and

---

[3] An unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West Supp. 2016). "The inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit." *Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Bahm v. State*, 219 S.W.3d 391, 393–94 (Tex. Crim. App. 2007)). Here, appellant included a jurat at the bottom of the last page of his motion which states, "I Abner L.Washington, declare under the penalty for perjury that the foregoing is true and correct."

therefore requires a hearing. When the record demonstrates that the defendant was properly admonished, it constitutes prima facie evidence that the defendant's plea was knowing and voluntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). Here, the record reflects that appellant was properly admonished. He signed a waiver of constitutional rights, agreement to stipulate, and judicial confession stating that he understood the effects of his waivers and had fully discussed his case with his trial counsel. The trial court signed the form below the paragraph stating, "After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney." Appellant also initialed and signed written admonishments acknowledging that he was aware of the consequences of his plea and that he made his plea freely and voluntarily.

We also note that a reviewing court will not find a guilty plea involuntary due to the appellant's lack of knowledge of a collateral consequence. *See State v. Collazo*, 264 S.W.3d 121, 128 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A plea is not involuntary simply because the defendant "did not correctly assess every relevant factor entering into his decision." *Talbott v. State*, 93 S.W.3d 521, 526 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (internal citation omitted) (concluding that failure to admonish defendant that her parental rights could be terminated as result of her guilty plea did not render plea involuntary).

11

Appellant argues that the second allegation in his motion—that he mistakenly believed that he would receive a misdemeanor conviction in exchange for a guilty plea based on his attorney's incorrect advice—is not determinable from the record and, thus, requires a hearing. As previously noted, appellant signed a waiver of constitutional rights, agreement to stipulate, and judicial confession acknowledging that he understood the effects of his waivers and had fully discussed his case with his trial counsel. In his sworn written admonishments, appellant initialed the paragraphs stating "you are charged with the *felony* of PCS. If convicted, you face the following range of punishment: STATE JAIL FELONY AND SENTENCE UNDER 12.44(a): a term of confinement in the county jail not to exceed one year and in addition, a fine not to exceed $4,000.00 may be assessed, or both. This is a *felony* conviction." (emphasis added) By signing the admonishment form, appellant also acknowledged that he was aware of the consequences of his plea and that his plea was freely and voluntarily made. These facts are in contrast to the statements in appellant's motion that he did not understand the nature of his plea. As the factfinder, the trial court was free to determine appellant's statements in his motion were not credible. *See Bryant v. State*, 974 S.W.2d 395, 400 (Tex. App.—San Antonio 1998, pet. ref'd) (stating there was no need for trial court to look outside record to determine that defendant's motion was without merit where, even if trial counsel had failed to fully explain defendant's plea bargain to him, trial judge fully

12

admonished defendant prior to plea); *see also Chacon v. State*, No. 04-11-00501-CR, 2012 WL 2551162, at *2 (Tex. App.—San Antonio June 27, 2012, pet. ref'd) (mem. op., not designated for publication).

Appellant contends that the third allegation in his new trial motion—that the residue found in the crack pipe is insufficient to sustain a felony conviction—is outside the record and requires a hearing. His argument is without merit. Appellant expressly waived his right to confront and cross-examine witnesses, and he consented to written stipulations of evidence in his case. Further, other than a conclusory assertion that the evidence does not support his conviction, appellant's motion alleges no facts to support his claim. *See King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); *see also Lopez v. State*, No. 01-09-01048-CR, 2011 WL 941779, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2011, pet. ref'd) (mem. op., not designated for publication).

The trial court did not abuse its discretion in failing to hold a hearing on appellant's motion for new trial. Accordingly, we overrule his second point of error.

13

**Conclusion**

We affirm the trial court's judgment. We dismiss all pending motions as moot.

Russell Lloyd
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).