**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 11, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00700-CV

---

## IN RE D.S.W., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-88778**

---

## MEMORANDUM OPINION

Relator D.S.W filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Janice Berg, presiding judge of the 247th District Court of Harris County, to vacate her August 1, 2019 order granting a default judgment against relator or, alternatively, rule on relator's bill of review that he alleges was filed in May 2021.

We sent relator notice that his petition did not comply with the applicable Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A) (providing that appendix must contain certified or sworn copy of any order complained of, or any other document showing the document complained of); Tex. R. App. P. 52.7(a)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim and that was filed in any underlying proceeding); Tex. R. App. P. 52.7(a)(2) (requiring relator to file with petition properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with matter complained of); *see also* Tex. Civ. Prac. & Rem. Code § 132.001(e) (providing that unsworn declaration from inmate may be used in lieu of written sworn declaration).[1] We further gave relator notice that his petition would be dismissed unless relator filed (1) an amended petition and record that complies with Rule 52 including unsworn declarations at the end of both the amended petition and record or (2) an unsworn declaration that specifically describes and authenticates the orders, documents, transcripts, and exhibits attached to relator's previously filed mandamus appendix or record.

Relator has not cured all defects in his petition. Specifically, relator has not filed an unsworn declaration made under penalty of perjury. Instead, relator stated: "The information in the appendix to my original petition and record in the above styled cause, any order complained of, including any orders, transcripts and exhibits attached with the original petition, and every document that is material to my claim

---

[1] Relator is an incarcerated inmate.

for relief, and everything else I submitted to this Honorable Court, whether explicitly mentioned in this declaration or not, including exhibits offered in evidence, declarations, letters and any other or any other documents submitted by me in the original petition is true and correct to my knowledge." An unsworn declaration made under this section must be: (1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury. Tex. Civ. Prac. & Rem. Code § 132.001(c). "The inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit." *Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Bahm v. State,* 219 S.W.3d 391, 393–94 (Tex. Crim. App. 2007) (applying prior version of statute that limited use of unsworn declarations to inmates)). Merely stating that documents are "true and correct to my knowledge" is insufficient to authenticate documents under Texas Rule of Appellate Procedure 52.7(a) and Civil Practices and Remedies Code section 132.001(e).[2]

---

[2] The form for the unsworn inmate declaration is:

My name is _____ _____ _____,
　　　　　　　　　(First)　　　　　　　　(Middle)　　　　　　　(Last)
my date of birth is _____, and my inmate identifying number, if any, is

_____.

I am presently incarcerated in _____
　　　　　　　　　　　　　　　　　　　　　(Corrections unit name)
in _____, _____, _____, _____.
　　　(City)　　　　　　　(County)　　　　　(State)　　　　(Zip Code)
I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____ day of _____, _____.
　　　　　　　　　　　　　　　　　　(Month)　　　　　(Year)

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Declarant

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).

Accordingly, we dismiss relator's petition for writ of mandamus. We also dismiss as moot relator's motion for temporary relief and motion to proceed without payment of costs.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.