# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00127-CR

---

**In re Miles Wilson, Jr.**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY**
**NO. 53612, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant Miles Wilson, Jr., seeks to appeal the trial court's order dismissing his post-conviction motion for DNA testing and appointment of counsel. *See* Tex. Code Crim. Proc. arts. 64.01–.05. A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("Timely filing of a written notice of appeal is a jurisdictional prerequisite."). Under the Texas Rules of Appellate Procedure, a defendant must file his notice of appeal within thirty days after the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1); *see* Tex. Code Crim. Proc. art. 64.05 ("An appeal under [Chapter 64] is to a court of appeals in the same manner as an appeal of any other criminal matter.").

The trial court signed the order dismissing Wilson's motion on November 7, 2022. Because he did not file a motion for new trial, his notice of appeal was due December 7, 2022. The record contains three notices expressing a desire to appeal, which were filed by Wilson on January 23, 2023; February 7, 2023; and February 22, 2023. These notices were untimely, and

we consequently lack jurisdiction over this appeal.[1]  *See Castillo*, 369 S.W.3d at 198; *see also Torres v. State*, 575 S.W.3d 540, 541 (Tex. Crim. App. 2019) ("Appellant may seek further recourse for his claim by refiling his motion for DNA testing with the trial court.  If Appellant does not receive timely notice of the trial court's ruling on his re-filed motion, he may now seek an extension of time [under Rule 4.6]." (internal citation omitted)).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed:   June 28, 2024

Do Not Publish

---

[1]  Texas Rule of Appellate Procedure 4.6 establishes a procedure through which an appellant who received late notice of an adverse Chapter 64 ruling can obtain additional time to file a notice of appeal by filing a sworn motion in the trial court.  The term "sworn" in Rule 4.6 includes the use of an unsworn declaration made under penalty of perjury.  *See In re Whitfield*, No. 03-21-00170-CR, 2021 WL 5220313, at *2 (Tex. App.—Austin Nov. 10, 2021, no pet.) (mem. op., not designated for publication).

In Wilson's second notice, he states that he received actual notice of the trial court's denial of his motion on February 1, 2023, after the statutory deadline to appeal had expired.  Conversely, the record includes a letter from the trial court clerk to Wilson informing him that a copy of the court's order was sent to him in November 2022.  Regardless, none of Wilson's notices includes a jurat swearing to the truth of its content "under penalty of perjury."  *See Bahm v. State*, 219 S.W.3d 391, 394 (Tex. Crim. App. 2007) (explaining that "the only phrase that the Legislature actually mandates should be included in such declarations [under Section 132.001] is 'under penalty of perjury'").  As such, the notices were not "sworn" and therefore did not constitute motions for additional time under Rule 4.6.  *See* Tex. Civ. Prac. & Rem. Code § 132.001(c), (e) (form for unsworn declaration by inmate); *Whitfield*, 2021 WL 5220313, at *2 n.1